1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5726
    Fax:  (415) 703-5843
8   Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants California Department of
   Corrections and Rehabilitation and James E. Tilton[1]/
10

11

12                 IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

| | |
|---|---|
| **IVAN HOPKINS,** | C 08-0898 WHA |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | |
| Defendants. | Hearing: July 10, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9<br>Judge:    The Honorable<br>             William H. Alsup |

23      **TO PLAINTIFF IVAN HOPKINS, IN PRO SE:**

24      **PLEASE TAKE NOTICE** that Defendants California Department of Corrections and

25  Rehabilitation (CDCR) and James E. Tilton (Tilton) move this Court for an order of dismissal in

26

27  _____

28      1.  A third Defendant, "Agent Payne," has not yet been served.  The Attorney General's
    Office makes no appearance on his behalf.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    I. Hopkins v. CDCR, et al.
                                                                    C 08-0898 WHA

                                      1

1    connection with Plaintiff's "Complaint for Damages In Civil Rights Violations, Federal

2    Question" under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that

3    Plaintiff failed to state a claim upon which relief can be granted.

4        This motion is based on this notice of motion, the supporting memorandum of points and

5    authorities, and the pleadings and records on file with the Court.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7                                **INTRODUCTION**

8        Plaintiff alleges that he was injured by two parole agents after they "pushed and shoved"

9    him on February 28, 2007. (Compl. 1:18-23.)  A review of the applicable law demonstrates that

10   the claims against Defendant Tilton and Defendant CDCR should be dismissed without leave to

11   amend.  Defendant Tilton was the Secretary of CDCR at the time of the alleged assault. Because

12   he did not know of, or participate in, the events described in the complaint, a Section 1983 action

13   for supervisorial liability cannot proceed against him. *See Taylor v. List*, 880 F.2d 1040, 1045

14   (9th Cir. 1989).  Moreover, because CDCR is not a "person" under Section 1983, Defendant

15   CDCR must also be dismissed from the case. *See Will v. Michigan Dep't of State Police*, 491

16   U.S. 58, 71 (1989).

17                              **STATEMENT OF FACTS**

18       Plaintiff alleges that on February 28, 2007, two parole agents from the CDCR's Northern

19   Parole Region "jumped out of [a] vehicle," pushed and shoved Plaintiff, and "severely injured"

20   his shoulder. (Compl. 1:18-23.)  Plaintiff claims that at the time of the alleged assault, which

21   occurred in Alameda County, he was not on parole. (*Id.* at 1:24-25; 2:5-6.)  He alleges "false

22   arrest excessive force to commit assault," and claims that Defendants "subjected [him] to

23   unnecessary and wanton infliction of physical injury, pain and emotional distress as a result of

24   the cruel and unusual punishment." (*Id.* at 1:23-24; p. 2:7-10.)[2]

25

26   _____

27       2. Plaintiff's Complaint does not mention 42 U.S.C. § 1983 or any other statute. However,
     as mentioned, it is entitled "Complaint for Damages in Civil Rights Violations, Federal Question."
28   It appears that Plaintiff has attempted to assert a claim under 42 U.S.C. § 1983.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                         I. Hopkins v. CDCR, et al.
                                                                     C 08-0898 WHA

1

## ARGUMENT

2

### I.

3

### THE CLAIMS AGAINST DEFENDANTS JAMES TILTON AND CDCR MUST BE DISMISSED.

4

5 **A.    The Standard for a Rule 12(b)(6) motion**

6      A Rule 12(b)(6) motion tests the "legal sufficiency of the claim or claims stated in the

7 complaint." *Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995) (quoting Schwarzer,

8 Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,*

9 §9:187 (1994)).  A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it

10 fails to state a claim upon which relief can be granted.  *See Bell Atlantic Corp. v. Twombly*, 127

11 S. Ct. 1955, 1969 (2007).  Where a complaint's defects are not curable, the court should dismiss

12 without leave to amend.  *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming

13 dismissal without leave to amend where complaint's defects were not curable).

14      As described more fully below, Plaintiff failed to state a claim upon which relief can be

15 granted against either Defendant CDCR or Defendant Tilton.  Therefore, the claims against those

16 Defendants should be dismissed without leave to amend.

17 **B.    The Claim Against Defendant Tilton is Without Merit.**

18      Supervisory liability in a Section 1983 action only arises if the defendant personally

19 participated in, directed, or knew of violations and failed to correct them.  *See Taylor v. List,* 880

20 F.2d 1040, 1045 (9th Cir. 1989).  At the time of the alleged assault, Defendant Tilton was the

21 Secretary of CDCR.  *CDCR Secretary James E. Tilton Announces Retirement* (Apr. 15, 2008),

22 http://www.cdcr.ca.gov/News/2008_Press_Releases/April_15.html.  The facts alleged in the

23 Complaint fail to demonstrate that Defendant Tilton had any direct involvement in the assault

24 that allegedly occurred on February 28, 2007.  To the contrary, the text of the Complaint does not

25 even mention Defendant Tilton.  (Compl. 1-3.)  Thus, because Defendant Tilton did not have

26 direct involvement with the events at issue, the claim against him must be dismissed without

27 leave to amend.  (*Id.*)

28 / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    I. Hopkins v. CDCR, et al.
                                                                                 C 08-0898 WHA

1   **C.   Because CDCR is Not a "Person" Under 42 U.S.C. § 1983, it Must Be Dismissed From the Case.**

2

3   In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court

4   held that neither a State nor its officials acting in their official capacities are "persons" under 42

5   U.S.C. § 1983. The Court stated that while 42 U.S.C. § 1983 provides a federal forum to remedy

6   many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a

7   remedy against a State for alleged deprivations of civil liberties. *See id.* at 66. The holding

8   applied "only to States or governmental entities that are considered 'arms of the state. . .'" *See*

9   *id.* at 70.

10   The CDCR is an "arm of the state" vested with the authority to administer the state's penal

11   system. Cal. Penal Code §§ 5000-5003 (West 2008). Although Plaintiff's Complaint does not

12   mention 42 U.S.C. § 1983, it appears that Plaintiff attempted to assert a claim under that statute.

13   (Compl., p. 1:23-24.) Because Defendant CDCR is not a "person" under Section 1983,

14   Plaintiff's claim against it must be dismissed without leave to amend.

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## CONCLUSION

Plaintiff's claim against Defendant Tilton should be dismissed without leave to amend because he did not personally participate in, direct, or know of the assault that allegedly occurred on February 28, 2007. In addition, CDCR should be dismissed from the case because it is not a "person" under Section 1983. As with the claim against Defendant Tilton, because the claim against CDCR cannot be cured, it must be dismissed without leave to amend.

Dated: June 2, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants California Department of Corrections
and Rehabilitation and James E. Tilton

40257143.wpd
SF2008401737

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    I. Hopkins v. CDCR, et al.
C 08-0898 WHA

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **I. Hopkins v. CDCR, et al.**

No.:   **C 08-0898 EDL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 2, 2008,** I served the attached

### DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6); SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Ivan Hopkins**
**1810 East 25th Street, #209**
**Oakland, CA 94606**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 2, 2008,** at San Francisco, California.

| | |
|---|---|
| M.M. Argarin | *M. M. Argarin* |
| Declarant | Signature |

40260873.wpd