1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5726
     Fax:  (415) 703-5843
8    Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants California Department of
   Corrections and Rehabilitation and James E. Tilton[1/]

10

11

12                  IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

| IVAN HOPKINS, | C 08-0898 WHA |
|---|---|
| Plaintiff, | **DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND JAMES E. TILTON'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | |
| Defendants. | Hearing:    June 19, 2008<br>Time:       11:00 a.m.<br>Courtroom:  9<br>Judge:      The Honorable<br>            William H. Alsup |

Preliminary Statement

At the time of this filing, Defendants have not yet been able to speak with Plaintiff, who is representing himself in this case.  Beginning on June 9, Defendants and the litigation coordinator

---

    1.  A third Defendant, "Agent Payne," has not yet been served.  The Attorney General's Office makes no appearance on his behalf.

Defs.' Case Management Statement                    I. Hopkins v. CDCR, et al.
                                                    C 08-0898 WHA

1   for Plaintiff's parole region dialed four different telephone numbers listed in Plaintiff's parole

2   file in an effort to contact him. All of the attempts were unsuccessful. Accordingly, the

3   following does not contain any input from Plaintiff.

4   1.   Jurisdiction and Service

5        Plaintiff's Complaint does not mention 42 U.S.C. § 1983 or any other statute. However, it

6   is entitled "Complaint for Damages in Civil Rights Violations, Federal Question." Therefore, it

7   appears that Plaintiff has attempted to assert a claim under 42 U.S.C. § 1983. Under such a

8   claim, jurisdiction would be proper under 28 U.S.C. § 1331. No issues exist as to personal

9   jurisdiction. Venue would be appropriate in this district under 28 U.S.C. § 1391(b) and Civil

10  Local Rule 3-2(c) because a substantial part of the events giving rise to the claim occurred in this

11  district.

12  2.   Facts

13       Plaintiff alleges that on February 28, 2007, two parole agents from the CDCR's Northern

14  Parole Region "jumped out of [a] vehicle," pushed and shoved Plaintiff, and "severely injured"

15  his shoulder. (Compl. 1:18-23.) Plaintiff claims that at the time of the alleged assault, which

16  occurred in Alameda County, he was not on parole. (*Id.* at 1:24-25; 2:5-6.) He alleges "false

17  arrest excessive force to commit assault," and claims that Defendants "subjected [him] to

18  unnecessary and wanton infliction of physical injury, pain and emotional distress as a result of

19  the cruel and unusual punishment." (*Id.* at 1:23-24; 2:7-10.)

20  3.   Legal Issues

21       Defendants contend that (1) because former California Department of Corrections and

22  Rehabilitation Secretary James E. Tilton did not know of, or participate in, the events described

23  in the complaint, a Section 1983 action for supervisorial liability cannot proceed against him, and

24  (2) because CDCR is not a "person" under Section 1983, it must also be dismissed from the case.

25  (See Defs.' Mot. Dismiss, filed June 2, 2008.)

26  4.   Motions

27       On June 2, 2008, Defendants California Department of Corrections and Rehabilitation and

28  James E. Tilton filed a motion to dismiss under Rule 12(b)(6). Defendants do not plan to file any

Defs.' Case Management Statement                                          I. Hopkins v. CDCR, et al.
                                                                          C 08-0898 WHA

1  additional motions at this time.

2      5.    Amendment of Pleadings

3      Not applicable.  Defendants have not yet filed an Answer to the Complaint.

4      6.    Evidence Preservation

5      Defendants will take steps to ensure that all relevant evidence is preserved.

6      7.    Disclosures

7      Because Defendants have not been able to communicate with Plaintiff, no disclosures have

8  occurred.

9      8.    Discovery

10      No discovery has been taken in this case.  If their motion to dismiss is not granted,

11  Defendants will propound interrogatories, production requests, and requests for admissions upon

12  Plaintiff, and will depose Plaintiff.

13      9.    Class Actions

14      This is not a class action.

15      10.   Related Cases

16      Defendants are not aware of any related cases.

17      11.   Relief

18      In his February 11, 2008 complaint, Plaintiff prayed for the following relief:

19      1) For the Court to appoint counsel;

20      2) For compensatory damages, in an amount to be determined according to proof at trial;

21      3) For costs of suit incurred in this action;

22      4) For all future and present medical bills; and

23      5) For such other and future relief as the Court deems proper.

24      12.   Settlement and ADR

25      Because Defendants have not been able to contact Plaintiff, the prospects for settlement are

26  unclear.  There have been no ADR efforts to date.

27      13.   Consent to Magistrate Judge for All Purposes

28      Defendants consent to a magistrate judge for the purposes of a settlement conference only.

Defs.' Case Management Statement                                    I. Hopkins v. CDCR, et al.
                                                                    C 08-0898 WHA

1    14.  Other References

2        Defendants assert that this case is not suitable for reference to binding arbitration, a special

3    master, or the Judicial Panel on Multidistrict Litigation.

4    15.  Narrowing of Issues

5        Defendants are not aware of any issues at this time that can be narrowed by agreement or by

6    motions.

7    16.  Expedited Schedule

8        At this point, Defendants are unable to determine whether this case can be handled on an

9    expedited schedule.

10    17.  Scheduling

11        Because Defendants have not been able to contact Plaintiff, it is not possible to provide a

12    schedule to the Court.

13    18.  Trial

14        The case will be tried to a jury, and Defendants estimate that the trial will last no longer than

15    one day.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Defs.' Case Management Statement                                    I. Hopkins v. CDCR, et al.
                                                                    C 08-0898 WHA

1    19.    Disclosure of Non-Party Interested Entities or Persons

2    Defendants assert that there are no non-party interested entities or persons.

3        Dated:  June 11, 2008

4                    Respectfully submitted,

5                    EDMUND G. BROWN JR.
                     Attorney General of the State of California

6                    DAVID S. CHANEY
                     Chief Assistant Attorney General

7
                     FRANCES T. GRUNDER
8                    Senior Assistant Attorney General

9                    JONATHAN L. WOLFF
                     Supervising Deputy Attorney General

10

11

12                   MICHAEL J. QUINN
                     Deputy Attorney General
13                   Attorneys for Defendants California Department of Corrections
                     and Rehabilitation and James E. Tilton

14

15   20114856.wpd
16   SF2008401737

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Case Management Statement

I. Hopkins v. CDCR, et al.
C 08-0898 WHA

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **I. Hopkins v. CDCR, et al.**

No.:    **C 08-0898 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 11, 2008**, I served the attached

### DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND JAMES E. TILTON'S CASE MANAGEMENT CONFERENCE STATEMENT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Ivan Hopkins**
**1810 East 25th Street, #209**
**Oakland, CA 94606**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 11, 2008**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | _(signature)_ |
| Declarant | Signature |

20116039.wpd