IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN HOPKINS,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, JAMES TILTON, AGENT PAYNE, and DOES 1–100,

    Defendants.

No. C 08-00898 WHA

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Plaintiff Ivan Hopkins requests an appointment of counsel. Because plaintiff is not an indigent litigant who may lose his physical liberty if he loses the litigation, there is no constitutional right to appointment of counsel in this case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).

The only authority supporting a statutory right to counsel at government expense would be 28 U.S.C. 1915(d), which gives a district court the discretion to appoint counsel to represent an indigent civil litigant. The Ninth Circuit, however "has limited the exercise of that power to exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation

of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

This order finds that plaintiff has not shown that there are exceptional circumstances warranting invocation of Section 1915(d). *First*, Mr. Hopkins has offered no argument that he has any requisite likelihood of success. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). *Second*, this order finds that, despite his claims of being on anti-psychotic and anti-depressant medication, plaintiff is able to articulate his claims in light of the fairly straightforward nature of the matter. His complaint, the substance of which is about two pages, alleges excessive force during a wrongful arrest by agents employed by the State of California. Although he does not cite any statute, the complaint presents a simple Section 1983 claim: state actors are sued for allegedly violating plaintiffs' civil rights. Mr. Hopkins even notes in his complaint that the agents were "at all times acting under color of state law" (Compl. ¶ 2). Accordingly, plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 19, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IVAN HOPKINS,

        Plaintiff,

  v.

CALIFORNIA DEPT OF CORRECTIONS et al,

        Defendant.
                                      /

Case Number: CV08-00898 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Ivan Hopkins
1810 East 25th Street, #209
Oakland, CA 94606

Dated: June 20, 2008

                                            Richard W. Wieking, Clerk
                                            By: Dawn Toland, Deputy Clerk