1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5726
    Fax:  (415) 703-5843
8   Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants California Department of
   Corrections and Rehabilitation, James E. Tilton, and
10 Scott Pang[1/]

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

| | |
|---|---|
| **IVAN HOPKINS,** | C 08-0898 WHA |
| Plaintiff, | **DEFENDANT PANG'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAION, et al.,** | |
| Defendants. | |

22      Defendant Pang (Defendant) answers Plaintiff's Complaint as follows:

23  1.    In response to page 1, lines 18-20 of the Complaint, ending with the term "plaintiff,"

24  Defendant denies the allegations.

25  2.    In response to page 1, lines 20-21 of the Complaint, beginning with the term "the," and

26  _____

27       1. Defendants California Department of Corrections and Rehabilitation and James E. Tilton
    filed a motion to dismiss the Complaint on June 2, 2008.  The hearing on that motion is scheduled
28  for July 17, 2008.

Def.'s Answer Pl.'s Compl.                          I. Hopkins v. CDCR, et al.
                                                       C 08-0898 WHA

1  ending with the term "California," Defendant admits that he is employed by the State of

2  California.

3  3.    In response to page 1, lines 21-23 of the Complaint, beginning with the term "the," and

4  ending with the term "shoulder," Defendant denies the allegations.

5  4.    In response to page 1, lines 23-24 of the Complaint, beginning with the term "plaintiff," and

6  ending with the term "assault," Defendant denies the allegations.

7  5.    In response to page 1, lines 24-25 of the Complaint, beginning with the term "plaintiff," and

8  ending with the term "parole," Defendant admits that Plaintiff was not on parole on February 28,

9  2007.

10  6.    In response to page 1, line 25 of the Complaint, beginning with the term "the," and ending

11  with the term "large," Defendant denies the allegations.

12  7.    In response to page 1, line 26 of the Complaint, Defendant denies the allegations.

13  8.    In response to pages 1-2, paragraph 1 of the Complaint, Defendant admits the allegations.

14  9.    In response to page 2, paragraph 2 of the Complaint, Defendant admits the allegations.

15  10.   In response to page 2, paragraph 3 of the Complaint, Defendant admits that the February 28,

16  2007 incident occurred in Alameda County.

17  11.   In response to page 2, paragraph 4 of the Complaint, Defendant denies the allegations.

18  12.   In response to page 2, paragraph 5 of the Complaint, Defendant denies the allegations.

19  13.   In response to page 2, lines 15-16, Defendant admits that administrative remedies are not

20  applicable in this case.

21  14.   In response to page 2, lines 17-24, Defendant denies that counsel should be appointed to

22  Plaintiff in this case.  Defendant further denies that Plaintiff is entitled to "compensatory

23  damages, in an amount to be determined according to proof at trial," costs of suit incurred in the

24  action, all future and present medical bills, or any "other and further relief."

25  15.   Save as so admitted above, Defendant denies each and every remaining allegation.

26  **AFFIRMATIVE DEFENSES**

27  1.    To the extent that Defendant has acted or failed to act as alleged in the complaint, if at all,

28  such action or inaction was performed as part of Defendant's official duties and did not violate

Def.'s Answer Pl.'s Compl.                                  I. Hopkins v. CDCR, et al.
                                                            C 08-0898 WHA

1  clearly established law.  Thus, Defendant is entitled to qualified immunity.

2  2.    Plaintiff's own conduct contributed to his damages, if any.

3  3.    Plaintiff failed to mitigate his damages, if any.

4  4.    In the event Defendant is found to be negligent (which supposition is denied and merely

5  stated for the purpose of this affirmative defense), at all times mentioned in the complaint,

6  Plaintiff and others were negligent concerning the matters referred to in the complaint, and such

7  negligence completely bars any recovery, or in the alternative, it reduces the right of recovery by

8  that amount which Plaintiff's and others' negligence contributed to this incident as set forth

9  under the doctrine of comparative negligence.

10  5.    In the event that Plaintiff is found to be asserting a state law claim for assault, Plaintiff is

11  completely barred from recovery due to his failure to comply with the Government Claims Act,

12  and Defendant is entitled to all rights and privileges under the California Government Code.

13  6.    Because the complaint is couched in conclusory terms, Defendant cannot fully anticipate all

14  affirmative defenses that may be applicable to this matter.  Accordingly, the right to assert

15  additional defenses, if and to the extent such affirmative defenses are applicable, is reserved.

16  **DEMAND FOR JURY TRIAL**

17  Defendant respectfully demands a trial by jury under Federal Rule of Civil Procedure 38.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Def.'s Answer Pl.'s Compl.

I. Hopkins v. CDCR, et al.
C 08-0898 WHA

3

**PRAYER FOR RELIEF**

Defendant prays that:

1. Plaintiff be denied any damages or relief;

2. Judgment be entered in favor of Defendant;

3. Defendant be awarded costs of suit and attorney's fees; and

4. Defendant be awarded such other relief as this Court deems just and proper.

Dated: June 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants California Department of Corrections
and Rehabilitation, James E. Tilton, and Scott Pang

20118648.wpd
SF2008401737

Def.'s Answer Pl.'s Compl.

I. Hopkins v. CDCR, et al.
C 08-0898 WHA

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **I. Hopkins v. CDCR, et al.**

No.:    **C 08-0898 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 25, 2008**, I served the attached

### DEFENDANT PANG'S ANSER TO PLAINTIFF'S COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Ivan Hopkins**
**1810 East 25th Street, #209**
**Oakland, CA 94606**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 25, 2008**, at San Francisco, California.

| | |
|---|---|
| _____ | _____ |
| M.M. Argarin | Signature |
| Declarant | |

20118893.wpd