IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN HOPKINS,

    Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, JAMES TILTON, SCOTT PANG, and DOES 1–100,

    Defendants.

No. C 08-00898 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### INTRODUCTION

In this Section 1983 action, pro se plaintiff Ivan Hopkins sues defendants California Department of Corrections and Rehabilitation, James Tilton (former Secretary of the CDCR), and Agent Scott Pang for using excessive force during a wrongful arrest. Defendants the CDCR and Tilton move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is **GRANTED** without leave to amend.

### STATEMENT

The well-pled allegations in the complaint are accepted as true. On February 28, 2007, Agent Pang and another unknown agent jumped out of a vehicle and rushed towards Mr. Hopkins. They pushed and shoved plaintiff, causing severe injury to his shoulder. They accused Mr. Hopkins of being a parolee at large, even though he was not; plaintiff had

been discharged from parole a year before this incident.  Mr. Hopkins currently is not in custody.

In February 2008, Mr. Hopkins filed suit against the CDCR, James Tilton, and Agent Pang for using excessive force during a wrongful arrest.  In his complaint, he alleged that he was subjected to "unnecessary and wanton infliction of physical injury, pain and emotional distress as a result of the cruel and unusual punishment," and that defendants "acted knowingly, willfully and maliciously and with reckless and callous disregard for plaintiffs [sic] federally protected rights" (Compl. ¶¶ 4–5).  The complaint did not mention any statute.  Plaintiff seeks compensatory damages, costs, and current and future reimbursement for medical bills.

The hearing on defendants' motion to dismiss was originally set for July 10, 2008.  Because plaintiff Hopkins did not file a timely opposition in accordance with the civil local rules, the hearing was continued until July 17, 2008, to give him an extra week.[1]

**ANALYSIS**

Defendants argue that Mr. Hopkins has failed to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1255, 1264- 65 (2007).[2]

---

[1] Defendants' motion to dismiss states that defendant Pang has not yet been served and defense counsel makes no appearance on his behalf.  According to the court docket, the summons for Agent Pang were returned unexecuted.  Agent Pang finally answered the complaint on June 25, 2008, after the motion to dismiss had been filed.

[2] Unless indicated otherwise, internal citations are omitted from quoted authorities in this order.

2

1    Mr. Hopkins does not mention any statute in his complaint. He asserts that Agent Pang
2 "was at all times acting under color of state law" (Compl. ¶ 2). This order assumes that he
3 asserts his claims pursuant to 42 U.S.C. 1983. This order now reviews his claims against the
4 CDCR and James Tilton.

5    At the time of the alleged wrongful arrest, Tilton was the Secretary of CDCR.
6 "Liability under section 1983 arises only upon a showing of personal participation by the
7 defendant. A supervisor is only liable for constitutional violations of his subordinates if the
8 supervisor participated in or directed the violations, or knew of the violations and failed to act
9 to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The complaint makes no
10 allegation that Tilton participated in, directed, knew of, or failed to act to prevent any of the
11 violations. As a matter of fact, Tilton is not even mentioned in the text of the complaint.
12 Accordingly, the claim against Tilton is dismissed.

13    Mr. Hopkins also names the CDCR as a defendant in his complaint. The Supreme Court
14 has held that "neither a State nor its officials acting in their official capacities are 'persons'
15 under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This holding
16 "applies only to States or governmental entities that are considered 'arms of the state' for
17 Eleventh Amendment purposes." *Id.* at 70. The CDCR is an "arm of the state." *See Bennett v.*
18 *People of State of Cal.*, 406 F.2d 36, 39 (9th Cir. 1969). Consequently, the CDCR is not a
19 person within meaning of Section 1983. Mr. Hopkin's claim against the CDCR is also
20 dismissed.

21    In his two-page opposition, Mr. Hopkins reiterates the allegations in his complaint.
22 He says that the wrongful arrest with excessive force violated his civil rights. He cites to
23 *Turman vs. Jordan*, 405 F.3d 202 (4th Cir. 2005) (a deputy sheriff was not entitled to qualified
24 immunity on an unreasonable seizure claim and an excessive force claim), and *Baurer vs.*
25 *Norris*, 713 F.2d 408 (8th Cir. 1983) (holding that deputy sheriff was liable to plaintiffs under
26 Section 1983 because either the use of any force in the course of his encounter and arrests of
27 plaintiffs was unreasonable or he used force not to perform his lawful duty but for some other
28 improper purpose). Neither of these decisions are contrary to defendants' arguments, as

3

1  *Turman* and *Baurer* dealt with non-supervising state law enforcement officials. Because there
2  has been no opposition from Agent Pang, however, the claims against Agent Pang will not be
3  dismissed.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED.** The claims against James Tilton and the CDCR are hereby dismissed without leave to amend. The claims against Agent Scott Pang remain in the case.

**IT IS SO ORDERED.**

Dated: July 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IVAN HOPKINS,

        Plaintiff,

  v.

CALIFORNIA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV08-00898 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Hopkins
1810 East 25th Street, #209
Oakland, CA 94606

Dated: July 21, 2008

                                    Richard W. Wieking, Clerk
                                    By: Frank Justiliano, Deputy Clerk