IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN HOPKINS,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, MATTHEW CATE, SCOTT PANG, and DOES 1–100,

    Defendants.

No. C 08-00898 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this Section 1983 action, *pro se* plaintiff Ivan Hopkins sues the California Department of Corrections and Rehabilitation, Matthew Cate (previously James Tilton, former Secretary of the CDCR, but substituted out per FRCP 25(d)), and Agent Scott Pang for allegedly violating his rights against cruel and unusual punishment, use of excessive force, and unreasonable seizure. Defendant Pang now moves for summary judgment, contending that plaintiff has failed to submit sufficient evidence and qualified immunity applies. For the reasons stated below, the motion must be **GRANTED**.

## STATEMENT

In February 2008, Mr. Hopkins filed this suit for use of excessive force during a wrongful arrest. In his complaint, he alleges that he was subjected to "unnecessary and wanton

infliction of physical injury, pain and emotional distress as a result of the cruel and unusual punishment," and that defendants "acted knowingly, willfully and maliciously and with reckless and callous disregard for plaintiffs [sic] federally protected rights" (Compl. ¶¶ 4–5). Plaintiff was denied appointment of counsel, and all charges against all other parties have been dismissed. Defendant Pang is the only remaining defendant.

The parties agree on the following facts. On a morning in February 2007, defendant Pang observed plaintiff standing next to a vehicle. Defendant Pang was a parole agent working in Oakland at this time, and had previously supervised plaintiff's parole. A warrant for plaintiff's arrest for a parole violation had been issued in 2005, but was actually no longer in effect on the day of the incident. Defendant Pang confronted plaintiff. The confrontation took place in a public area. Plaintiff was not imprisoned in any type of penal institution during any relevant time period.

The parties disagree as to whether defendant Pang knew the warrant was or was not in effect at the time. The parties also disagree as to the details of the confrontation. Plaintiff asserts that defendant Pang violently shoved him, injuring his shoulder. Defendant Pang claims that he merely asked plaintiff about his parole status, verified it with the central database, and subsequently allowed plaintiff to leave.

**ANALYSIS**

At the outset, the Court notes that plaintiff has not explicitly stated in his complaint which constitutional amendments were violated by defendant Pang's actions. In his complaint, plaintiff uses terms such as "excessive force," "wrongful arrest," and "cruel and unusual punishment." This order interprets plaintiff's complaint to be for violations of his Fourteenth Amendment right to due process, Fourth Amendment right against unreasonable seizures, and Eighth Amendment right against cruel and unusual punishment. In his motion, defendant claims he is entitled to summary judgment for all claims, but only frames his argument in response to plaintiff's Eighth Amendment claim.

In regard to plaintiff's Eighth Amendment claim for cruel and unusual punishment, summary judgment is granted as the Eighth Amendment does not apply here. Both plaintiff and

2

defendant overlook that the Supreme Court has stated in *Whitley v. Albers*, 475 U.S. 312, 327 (1986), that the Eighth Amendment is specifically concerned with only the unnecessary and wanton infliction of pain *in penal institutions*. Here, both parties agree that the confrontation took place in a public area and not in a penal institution. This being the case, defendant's motion for summary judgment is granted for plaintiff's Eighth Amendment claim.

Summary judgment is also granted in favor of defendant for plaintiff's wrongful arrest and excessive force claims. As noted previously, defendant asserts two main arguments as to why summary judgment should be granted for all claims. *First*, he argues that plaintiff has brought forward no evidence such that a reasonable trier of fact could return a verdict in his favor. *Second*, defendant argues that he is entitled to qualified immunity. Qualified immunity is ultimately not relevant to the outcome, so its applicability is not discussed.

In regards to the wrongful arrest claim, this order finds that plaintiff has not adduced enough evidence to carry his ultimate burden at trial. This order notes that in his motion, defendant does not specifically make any arguments as to the sufficiency of plaintiff's claim of wrongful arrest, but only asserts generally that there is not sufficient evidence for any of plaintiff's claims. Nevertheless, plaintiff fails to provide any evidence for his wrongful arrest claim. An individual is "under arrest" when a reasonable person in the subject's shoes would feel like he or she was not free to leave under the circumstances. *Florida v. Royer*, 460 U.S. 491, 502 (1983). Plaintiff does not describe anything resembling an arrest other than self-serving statements that he was subject to a wrongful arrest. Nowhere does plaintiff state that he was placed in handcuffs, that he was physically restrained, or anything else of that nature. Plaintiff was not taken in by the officers. Plaintiff's main assertion for this claim seems to revolve around the fact that he was simply questioned about being on parole, which by itself does not amount to an arrest. Summary judgment is granted in favor of defendant for plaintiff's Fourth Amendment unlawful arrest claim.

Plaintiff's main claim is apparently for use of excessive force under the Fourteenth Amendment. For all claims brought under 42 U.S.C. 1983 in which it is alleged that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other

3

1 seizure of a free citizen, the claim is properly analyzed under the "objective reasonableness"
2 standard of the Fourth Amendment, rather than under the more generalized standard of
3 "substantive due process" pursuant to the due process clause of the Fourteenth Amendment.
4 *Graham v. Connor*, 490 U.S. 386, 394 (1989). To determine whether the force used by the
5 officers was excessive under the Fourth Amendment, the Court "must assess whether it was
6 objectively reasonable 'in light of the facts and circumstances confronting [the officers],
7 without regard to their underlying intent or motivation.'" *Graham*, 490 U.S. at 397.

8 This order will now address the two separate lines of proof in this case: the medical
9 records and plaintiff's declaration. In the complaint, plaintiff alleges that the incident took
10 place on February 28, 2007. When asked to provide proof of his injuries, plaintiff provided
11 two medical reports. The first medical report shows that plaintiff was seen at the Alameda
12 Medical Center Emergency Department on February 23, 2007. This report predates the date
13 plaintiff claimed in his complaint by five days. Rather than supporting plaintiff's claim, the
14 report actually shows that plaintiff had a preexisting shoulder injury before the incident.
15 When this was pointed out in the motion for summary judgment, plaintiff revised the date of
16 the incident to February 26, 2007. This still does not cure the problem. The new proposed date
17 is still three days after the February 23 emergency room treatment of his shoulder. This medical
18 record and revised story in no way support an injury stemming from the incident. The second
19 medical report was over a year later, and sheds no light whatsoever on any injuries that might
20 have occurred during the incident.

21 As to plaintiff's declaration, the Court realizes that a sworn declaration, without more,
22 can still create triable issues of fact for a jury. But even if one ignores the medical records,
23 plaintiff's highly conclusory declaration states only the following about the incident at
24 paragraph 10:

> On the morning of February 28, 2007, Agent drove up on me
> violently jumping out of vehicle, running, shoving me violently him
> and a police officer unknown to me, throwing my shoulder out of
> place, severely injuring me.

28 There is nothing wrong with an officer "violently jumping out of a vehicle," or an
officer "running." There may or may not be something wrong with an officer "shoving

4

[plaintiff] violently." It depends on the facts and circumstances, but this statement is so conclusory and devoid of facts and circumstances that it does not warrant the burden or expense of a jury trial. Defendant's motion for summary judgement of plaintiff's claims of excessive force is granted for lack of supporting evidence to go to a jury.

## CONCLUSION

For the reasons stated above, summary judgment is **GRANTED** in favor of defendant Pang for all claims.

**IT IS SO ORDERED.**

Dated: April 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5